UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

NOV — 1 2007

⸺ COURT

HAROLD W. DEAN, JR., #321959,

Petitioner,

v.                                    CIVIL ACTION NO. 2:07cv320

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.  For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

## I. STATEMENT OF THE CASE

### A. Background

On November 12, 2002, Petitioner, Harold W. Dean, Jr. ("Dean"), was found guilty of one (1) count of rape, one (1) count of indecent liberties with a minor, and one (1) count of aggravated battery, in a bench trial in the Circuit Court for the County of

Chesterfield, Virginia ("Circuit Court").[1] On May 22, 2003, Dean was sentenced to serve a total active sentence of ten (10) years in prison, as reflected in the Court's sentencing order entered on June 16, 2003.[2]

Following sentencing, Dean filed an appeal of his convictions with the Court of Appeals of Virginia ("Court of Appeals").[3] On December 16, 2003, the Court of Appeals entered a <u>per curiam</u>

---

[1]The Court's conviction order was entered on January 14, 2003. Dean was represented at trial by Sherry Gill, Esq. ("Gill"). On March 28, 2003, the Court entered an Order to relieve Gill as counsel of record due to a conflict and for good cause shown, and appointed Keith Jones, Esq. ("Jones") to represent Dean. Jones represented Dean at the sentencing hearing and on appeal.

[2]Dean was sentenced to twenty-five (25) years in prison for the count of rape, of which a period of sixteen (16) years was suspended. Dean was sentenced to five (5) years in prison for the count of indecent liberties with a minor, which the court directed would run consecutively with the sentence for rape. Dean was sentenced to twenty (20) years in prison for the count of aggravated sexual battery, of which a period of fourteen (14) years was suspended. The court further directed that five (5) years of the active sentence for aggravated sexual battery would run concurrently with the sentence for rape, but that the remaining one (1) year of the active sentence would run consecutively with the other sentences.

[3]The Circuit Court's record listed a notice of appeal in its table of contents, but this entry did not indicate a filing date, and there was no notice on file in the record. Because the Court of Appeals considered the appeal on the merits, the Court assumes the notice was timely filed. The following are the errors asserted by Dean in his petition for appeal:
  (I) The evidence was insufficient to support the rape conviction; and
  (II) The Commonwealth failed to produce evidence of aggravated sexual assault and sexual abuse of a child in a custodial relationship.

opinion denying the appeal on the merits.[4]  Record No. 1814-03-2.
Dean did not file an appeal with either the Supreme Court of
Virginia or the United States Supreme Court.

On December 14, 2004, Dean executed a pro se petition for writ
of habeas corpus ("State Habeas Petition") that was filed by the
Circuit Court on December 17, 2004.[5]  On March 31, 2005, the court
dismissed this petition.[6]  Record No. CL05HC-64 ("Dean I").  On

---

[4]The Court of Appeals held:
(I) The evidence adduced at trial was sufficient to support
the conviction of rape; and

(II) The asserted error was not presented at trial, and so,
pursuant to Va. Sup. Ct. R. 5A:18, was not preserved for appeal.
The court also found that there were no grounds to invoke the good
cause or ends of justice exceptions to Rule 5A:18.  Further,
because the court found the evidence was sufficient to support the
conviction for rape, the argument was without merit.

[5]The petition presented the following claims:
(a) Counsel was ineffective for deciding not to continue with
the appeal process after the denial of the direct appeal by a
single judge of the Court of Appeals;

(b) Counsel was ineffective: (1) in the cross-examination of
the Commonwealth's medical expert, and (2) in the presentation of
medical testimony contradicting the complaining witness's account;
and

(c) Counsel was ineffective: (1) for failing to investigate
and present evidence of prior statements made by the complaining
witness to Shelby Bacon ("Bacon"); (2)(a) for failing to
investigate and present evidence of the complaining witness's prior
false accusations of rape toward another male; (2)(b) for failing
to proffer evidence so that the judge's ruling could be appealed;
and (3) for failing to investigate and present evidence of the
complaining witness's habitual lying.

[6]The Circuit Court held:
(a) Dean failed to satisfy his burden of proof under
Strickland v. Washington, 466 U.S. 558 (1984), because counsel's
affidavit showed that it was Dean's decision not to pursue his
appeal further;

(b)(1) Dean failed to satisfy his burden of proof under

3

September 5, 2006, the Circuit Court received and filed a pleading from Dean styled as a "Motion to Reinstate," which asked the Circuit Court to re-evaluate its dismissal of Dean's state habeas petition.[7] On November 7, 2006, the Circuit Court entered an order denying that motion, pursuant to Va. Code Ann. § 8.01-663. Record No. CL06HC-2432 ("Dean II"). Dean did not appeal either the denial of the state habeas petition or the denial of the Motion to Reinstate.

On May 29, 2007, while in the custody of the Virginia Department of Corrections at the Coffeewood Correctional Center, Dean executed the instant pro se federal petition for a writ of

---

Strickland because the suggested cross-examination would have added nothing to the evidence and was impermissible;

(b)(2) Dean failed to satisfy his burden of proof under Strickland because during the trial colloquy Dean stated he had given defense counsel the names of all suggested witnesses, and Dean did not include a medical expert on this list;

(c)(1) Dean failed to satisfy his burden of proof under Strickland because the victim did not discuss the sexual assaults with Bacon, and any statements made by the victim would have been inadmissible hearsay unless they were used to impeach the victim's prior statements;

(c)(2) Dean failed to satisfy his burden of proof under Strickland because: (a) counsel did try to elicit this information during trial, but the court ruled it inadmissible, and (b) Dean did not proffer to the court in his state habeas petition what the testimony would have been; and

(c)(3) Dean failed to satisfy his burden of proof under Strickland because the evidence Dean asserts should have been offered does not exist, and, in any event, such evidence would have been cumulative because the victim admitted on the stand that she had lied in the past.

[7]In the instant petition, Dean characterizes this Motion to Reinstate as a second state habeas petition.

habeas corpus pursuant to 28 U.S.C. § 2254 ("Federal Petition").[8]

---

[8]This petition was completed on an incorrect form, and was accompanied by an unsigned motion for appointment of counsel, which was filed subject to defect, a request to proceed in forma pauperis, and the $5.00 filing fee. The petition was received by the United States District Court for the Eastern District of Virginia, Richmond Division, on July 3, 2007, and was conditionally filed with this Court on July 13, 2007. On July 23, 2007, the Court entered an Order denying the request to proceed in forma pauperis as moot due to the payment of the filing fee, and directing Dean to file his petition on the correct form within thirty (30) days of the date of the Order. On August 23, 2007, the Court received Dean's petition on the correct form, along with a signed motion for appointment of counsel. On August 28, 2007, the Court entered an Order denying Dean's motion for appointment of counsel pending a determination of whether an evidentiary hearing would be required. On August 28, 2007, the Court entered a separate Order filing Dean's petition.

The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004. As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions. In this case, because there is evidence that Dean initially mailed his petition to a third-party, his sister, to be typed and mailed to the Court, the Court finds that the prison mailbox rule is inapplicable to Dean's petition. Cook v. Stegall, 295 F.3d 517, 521 (6th Cir. 2002). Accordingly, Dean's petition is considered as filed as of the date it was received by the Richmond Division, July 3, 2007.

Further, the Court considers Dean's petition as filed, for statute of limitations purposes, on that date, even though it was originally submitted on an incorrect form. A federal habeas corpus petition is considered timely filed if it is deposited in the prison mailing system prior to the running of the statute of limitations, even if it does not comply with Rule 2 of the Rules Governing Section 2254 Cases or it lacks the requisite filing fee or in forma pauperis form. See Rule 3 2004 Advisory Committee's Notes (recognizing that Rule 3 is silent as to the filing date of a petition not submitted on the proper form or not accompanied by the filing fee or a motion to proceed in forma pauperis, and advising that the court clerk, in such instances, must "accept the defective petition and require the petitioner to submit a corrected petition.") See also Thompson v. Greene, 427 F.3d 263, 269 (4th Cir. 2005) (applying United States v. Vonn, 535 U.S. 55, 64 n.6

The Court conditionally filed this petition on July 13, 2007. On August 23, 2007, the Court received a new petition on the correct form, and on August 28, 2007, the Court filed Dean's petition. On September 27, 2007, Respondent filed his Rule 5 Answer and Motion to Dismiss accompanied by a supporting brief ("Respondent's Brief") and a Notice of Motion Pursuant to Local Rule 7(K). On October 25, 2007, the Court received Dean's reply to Respondent's motion, styled as "Brief in Support of Writ of Habeas Corpus Claim, Opposing Respondent's Motion" ("Dean's Reply"), which Dean executed on October 17, 2007.[9]

## B. Grounds Alleged

Dean now asserts in the instant petition to this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:

(1) Counsel was ineffective for failing to file an

_____

(2002) ("In the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of a rule.")); Nichols v. Bowersox, 172 F.3d 1068, 1076 (8th Cir. 1999) (holding that Rule 3 of the Rules Governing Section 2254 Cases "is not dispositive" for purposes of establishing the time of filing of a habeas petition); Harris v. Vaughn, 129 Fed. Appx. 684, 690 (3rd Cir. 2005) (holding that "the date of filing for statute of limitations purposes is the date that the [federal] habeas petition is received by the court or by the appropriate prison official (if the mailbox rule applies), regardless of whether payment or an [in forma pauperis] application is attached, as long as either follows within a reasonable time and there is no evidence of bad faith.").

[9]Dean also submitted a letter to the Clerk of Court, dated September 17, 2007, in which he stated that he did not consent to proceed before a U.S. Magistrate Judge.

appeal with a three-judge panel of the Court of Appeals and with the Supreme Court of Virginia;

(2)   Counsel was ineffective for failing to adequately cross-examine the Commonwealth's medical expert;

(3)   Counsel was ineffective for failing to obtain a medical expert as requested by Dean;

(4)   Counsel was ineffective for failing to investigate and present evidence of prior statements by Bacon, and failing to subpoena school records, as requested, to support Bacon's testimony;

(5)   Counsel was ineffective for failing to properly present evidence of the victim's prior false allegations of rape, and for failing to proffer what that evidence would have been, after the court ruled that such evidence was inadmissible; and

(6)   Counsel was ineffective for failing to subpoena information from a medical counselor to present evidence of the victim's "habitual lying."

## II. PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING AND MOTION FOR APPOINTMENT OF COUNSEL

As a preliminary matter, the Court notes that Dean has requested an evidentiary hearing and has filed a motion for appointment of counsel. Federal Petition, at 16. The Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. See Rule 8 of the Rules Governing Section 2254 Cases.

Moreover, Dean has not alleged any "exceptional circumstances" that would warrant appointment of counsel in this matter. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Griffin v. Virginia, 606 F. Supp. 941, 943 (E.D. Va. 1985), aff'd, 780 F.2d 1018 (4th

7

Cir. 1985) (unpublished table decision).  Accordingly, the Court DENIES Dean's request for an evidentiary hearing and DENIES Dean's motion for appointment of counsel.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need not address the merits of Dean's Federal Petition because the Court FINDS both that the petition is barred by the statute of limitations and that the claims therein are barred from review due to procedural default.

### A. Statute of Limitations

Respondent asserts that Dean's petition is barred by the statute of limitations.  Respondent's Brief, at 6-8.  The statute of limitations for actions under 28 U.S.C. § 2254, effective April 24, 1996, is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to
> an application for a writ of habeas corpus by
> a person in custody pursuant to the judgment
> of a State court.  The limitation period shall
> run from . . . the date on which the judgment
> became final by the conclusion of direct
> review or the expiration of the time for
> seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

Ordinarily, Dean would have had one (1) year from the date on which his convictions became final to file a petition for federal habeas corpus relief.  His convictions became final on January 15, 2004, which was thirty (30) days after the December 16, 2003, dismissal of his petition for appeal by the Court of Appeals and the date upon which the period for seeking direct review of his

8

convictions by the Supreme Court of Virginia expired. Va. Sup. Ct. R. 5:17(a)(2). Therefore, without considering any tolling provisions, _infra_, Dean had until January 15, 2005, to file his Federal Petition for a writ of habeas corpus. Dean's Federal Petition was not filed until July 3, 2007, _see supra_, note 8, which was over two (2) years outside the applicable limitation period.

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending. 28 U.S.C. § 2244(d)(2). Such an application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. _Carey v. Saffold_, 536 U.S. 214, 220-21 (2002); _Rouse v. Lee_, 339 F.3d 238, 243-44 (4th Cir. 2003) (a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." (quoting _Taylor v. Lee_, 186 F.3d 557, 561 (4th Cir. 1999))).

An application for state post-conviction review is "properly filed" not merely when it is delivered or accepted by the relevant court. _Artuz v. Bennett_, 531 U.S. 4, 8 (2000). Rather:

> an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for

9

> example, the form of the document, the time
> limits upon its delivery, the court and office
> in which it must be lodged, and the requisite
> filing fee.

Id. Thus, an application that does not conform to such rules, but
that is nonetheless accepted by the clerk of a state court, is not
a properly filed application; it is merely a "pending" application
that does not toll the limitation period. Id. at 9 (application
was not properly filed and limitation period was not tolled where
fee was not included with filing). See also Pace v. DiGugliemo,
544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter
their form, are 'filing' conditions. Because the state court
rejected petitioner's . . . petition as untimely, it was not
'properly filed,' and he is not entitled to statutory tolling under
§ 2244(d)(2)."). On the other hand, an application that complies
with such rules governing filings, but that contains claims that
are procedurally barred, is still a properly filed application that
tolls the statute of limitations. Bennett, 531 U.S. at 9.

In the instant case, the record reflects that Dean's
application for state habeas relief with the Circuit Court was
properly filed within the meaning of § 2244(d)(2). Thus, the
statute of limitations was tolled for 107 days during the time that
Dean's state habeas petition was pending, from the date it was
executed, December 14, 2004,[10] until March 31, 2005, when the

---

[10]The record reflects the petition was received and filed by
the Circuit Court on December 17, 2004. The Court notes that a

10

Circuit Court dismissed the petition.   This tolling extended the time for Dean to file his federal habeas corpus petition to May 2, 2005.

On the other hand, Dean's Motion to Reinstate does not qualify for tolling because the Circuit Court found Dean was barred by statute from presenting the same issues to it.   <u>Dean II</u>, at 1 (citing Va. Code Ann. § 8.01-663); <u>see also</u> <u>Walker v. S.C. Dep't of Corr.</u>, C/A No. 3:05-CV-3498-MBS, 2007 U.S. Dist. LEXIS 18902, at *4, 7 (D.S.C. Mar. 14, 2007) (ignoring a similarly-styled motion in calculating tolling).   Therefore, no tolling of the statute of limitations was available after Dean's state habeas petition was dismissed by the Circuit Court on March 31, 2005, so the deadline for filing the instant petition remained May 2, 2005, and Dean's petition, filed on July 13, 2007, was untimely.[11]   Accordingly, the

---

Virginia Supreme Court Special Rule, effective September 1, 2004, recognizes a prison mailbox rule for inmate filings in the Virginia trial courts: a paper is timely filed by an inmate when "deposited in the institution's internal mail system with first-class postage prepaid on or before the last day of filing."   Va. Sup. Ct. R. 3A:25.  Absent evidence to the contrary, the Court has applied this rule in considering Dean's state habeas petition as filed on the date of execution, December 14, 2004.

[11]Even if Dean were entitled to tolling for the pendency of his Motion to Reinstate, and were given credit for filing the instant petition on the date he executed it, May 29, 2007, the instant petition would still be time-barred.   As stated, <u>supra</u>, without accounting for tolling, Dean's deadline for filing the instant petition was January 15, 2005.   If Dean were entitled to tolling from December 14, 2004, the date on which he filed his state habeas petition, until November 7, 2006, the date on which the Circuit Court denied his Motion to Reinstate, this would have entitled Dean to tolling of 693 days.  Considering this tolling applied to Dean's

11

Court FINDS that the instant petition is time-barred and recommends that it should be DENIED.

## B. Equitable Tolling

Dean has asserted that the statute of limitations should not bar his petition because he has been diligent in conducting his own research, but his library access is limited to three (3) days per month. Federal Petition, at 14. The Court, therefore, construes Dean to argue that he should be excused from filing his petition late because the statute of limitations should be equitably tolled. Equitable tolling of the limitation period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustices would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); Little v. United States, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002).

The Supreme Court has considered the issue of equitable tolling for denial of access to the prison library, and has held

---

original deadline of January 15, 2005, would extend that deadline to December 9, 2006. So, even if Dean is credited with filing his petition on the date he executed it, May 29, 2007, the petition was still filed over five (5) months after and outside the limitations period, and is, therefore, still untimely.

that denial of access should be evaluated to determine whether the prisoner had a reasonable period in which to access the law library.  Evans v. Chavis, 546 U.S. 189, 201 (2006).  Courts in other circuits have considered limits to access to law libraries that are similar to Dean's, and have found that those limits did not qualify for equitable tolling.  See, e.g., Maclin v. Robinson, 74 Fed. Appx. 587, 589 (6th Cir. 2003) (denying equitable tolling to a prisoner whose access to the law library was limited to 1.5 hours per week);  Baker v. Norris, 321 F.3d 769, 771-72 (8th Cir. 2003) (denying equitable tolling to a prisoner whose library access was limited to two (2) hours at a time).  Similarly, the Court finds the three-day-per-month limit on Dean's library access was reasonable.  Further, to the extent that Dean argues he should be excused for his unfamiliarity with the legal system and his pro se status, such an argument is equally unavailing.  See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

In any event, delays due to seeking legal advice, and related allegations of inadequate prison law libraries have consistently been held not to constitute the "extraordinary circumstances" to warrant the application of equitable tolling.  Bilodeau v. Angelone, 39 F. Supp. 2d 652, 659 (E.D. Va. 1999) (refusing to

excuse defendant's delay in order to seek legal assistance because
"[defendant] has no right to legal representation in habeas
proceedings"); Payne v. Rushton, C. A. No. 2:04-23351-TLW-RSC, 2006
U.S. Dist. LEXIS 32735, at *11 (D.S.C. Feb. 13, 2006) (denying
defendant's request for equitable tolling for late filing because
law library's failure to provide revised federal habeas filing
deadlines did not "constitute 'extraordinary circumstances'").

Accordingly, the Court FINDS that Dean is not entitled to
equitable tolling and that the instant petition is time-barred.
Therefore, the Court recommends the instant petition should be
DENIED.

### C. Exhaustion

Even if Dean's Federal Petition had been timely filed, in
order for this Court to address the merits of his claims, each of
them must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion
requirement is satisfied when "allegations advanced in federal
court . . . [are] the same as those advanced at least once to the
highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436
(E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993). Exhaustion
may be accomplished either on direct appeal or in post-conviction
proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999)
(citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper
v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In order for a
claim to be considered exhausted, it must be "fairly presented to

the state courts," which means "that both the operative facts and
the controlling legal principles must be presented to the state
court." <u>Matthews v. Evatt</u>, 105 F.3d 907, 910-11 (4th Cir. 1997)
(internal quotations omitted). "[T]he exhaustion requirement for
claims not fairly presented to the state's highest court is
technically met when . . . a state procedural rule would bar
consideration if the claim was later presented to the state court,"
<u>Matthews</u>, 105 F.3d at 911 (citations omitted); such claims are
treated as procedurally defaulted and barred from this Court's
review. <u>Clagett v. Angelone</u>, 209 F.3d 370, 378-79 (4th Cir. 2000).
Further, if any of Dean's claims were presented to the highest
state court, but were not addressed on the merits by that court,
because they were procedurally barred in state court pursuant to an
adequate and independent state procedural rule, the claims are
exhausted, but the procedural default prevents federal habeas
review of the merits. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750
(1991).

Respondent has asserted that all of Dean's claims are
exhausted and procedurally defaulted, because they were not
presented to the Supreme Court of Virginia, and Dean cannot now
file an appeal of his state habeas petition because Dean was
required to file a notice of appeal within thirty (30) days of the
Circuit Court's denial of that petition. Respondent's Brief, at 5-
6 (citing Va. Sup. Ct. R. 5:9). The Court concurs. Further, if

15

Dean were to file another state habeas petition raising these issues, it would be barred as untimely, Va. Code Ann. § 8.01-654(A), and as a successive petition, Va. Code Ann. § 8.01-654(B)(2). The Fourth Circuit has held that both of these statutes are "adequate and independent state ground[s]" barring federal habeas review of the dismissed claims. Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999); Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997).

Based on the foregoing, the Court FINDS that all of Dean's claims are exhausted, but the Court further FINDS that those claims are procedurally defaulted under Virginia law and are therefore barred from this Court's review.

### D. Limited Exceptions to Procedural Default

Although Dean's claims are procedurally defaulted, he may still obtain review of his claims if he can establish either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider his claims will result in a fundamental miscarriage of justice because he is actually innocent of the crimes for which he was convicted. Clagett, 209 F.3d at 379 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks, 176 F.3d at 269.

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray

v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause"
> include: (1) "interference by officials that
> makes compliance with the State's procedural
> rule impracticable"; (2) "a showing that the
> factual or legal basis for a claim was not
> reasonably available to counsel"; (3) novelty
> of the claim; and (4) constitutionally
> ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting

McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due

diligence by the petitioner will defeat an assertion of cause. See

Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

Throughout his petition, Dean has stated, "I am not a lawyer

and[,] therefore[,] do not know how to file the legal documents[,]

but I was also told[12] that [t]his was as far as I could go," as

cause for his failure to properly exhaust his claims. See, e.g.,

Federal Petition, at 5. Further, even if the Court were to

construe Dean to argue by this statement that he should be excused

for his unfamiliarity with the legal system and his pro se status,

such factors do not constitute cause because these are not

"objective factor[s] external to the defense" under Murray v.

Carrier, 477 U.S. 478, 488 (1986). See, e.g., Dellinger v. Bowen,

---

[12]The Court construes Dean to argue that he was unaware that
he could file an appeal; however, Dean does not specify the source
of his belief in this regard. See also Dean's Reply, at 6. If
Dean was advised by counsel, this would not satisfy the requirement
for cause. See infra. Similarly, if Dean received this advice
from a fellow inmate, that would also not satisfy the cause
requirement. Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.
1988).

301 F.3d 758, 766 (7th Cir. 2002) ("youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), cert. denied, 537 U.S. 1214 (2003); Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993) (ignorance or inadvertence do not constitute cause to excuse a procedural default); Sosa, 364 F.3d at 512.

In his reply to Respondent's Motion to Dismiss, Dean further claims that he should be excused from filing an appeal of his State Habeas Petition because he could not find any information on state habeas appeals in the law library and because the Circuit Court's order dismissing his State Habeas Petition did not advise him of the opportunity to appeal the dismissal. Dean's Reply, at 6-7. According to Dean, the first time he learned he could file such an appeal was when he was completing his Federal Habeas Petition. Id. at 6. To the contrary, the Court notes that the form Dean completed when filing his State Habeas Petition specifically asked whether Dean had filed previous petitions for habeas corpus and whether Dean had filed appeals of those petitions. State Habeas Petition, at 2. Dean replied in the negative to both of these questions. Id. Therefore, the Court finds that Dean was on notice as early as December 14, 2004, the date he executed his State Habeas Petition, of the opportunity to file an appeal, and cannot now claim that an "objective factor external to the defense," see Strickler, 527 U.S. at 283 n.24, was the cause of his failure to

18

pursue an appeal.

The Court also construes Dean to argue as cause to overcome procedural default that counsel was ineffective for failing to request review of Dean's appeal by a three-judge panel.   See Federal Petition, at 14.   This assertion is misplaced.   "[T]he exhaustion doctrine . . . requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray, 477 U.S. at 489.   Because Dean did not present his claim raising this issue to the Supreme Court of Virginia, he may not now assert ineffective assistance of counsel as cause to excuse the default of his claims.   Id.

Further, Dean has not shown how any ineffectiveness on the part of counsel in the filing of Dean's appeal affected Dean's ability to timely file and appeal his state habeas petition. Additionally, although constitutionally ineffective counsel has been recognized as a factor to support a finding of cause for procedural default, Dean cannot rely on ineffective assistance of counsel as cause for his failure to appeal the dismissal of his state habeas petition.   The Supreme Court has held that

> a criminal defendant has no right to counsel .
> .   .   in  pursuing  state  discretionary  or
> collateral review . . . . Because [petitioner]
> had no right to counsel to pursue his appeal
> in state habeas, any attorney error that led
> to the default of [petitioner]'s claims in
> state court cannot constitute cause to excuse
> the default in federal habeas.

Coleman, 501 U.S. at 756-57.

Consequently, Dean has failed to establish the requisite cause for his failure to comply with the applicable state procedural rules in order for this Court to review the instant claims on the merits.[13] Accordingly, the Court FINDS that all of the claims

---

[13]Insofar as Dean has failed to establish the requisite cause to excuse the procedural default, the Court need not consider whether he has provided adequate grounds for a determination of actual prejudice as a result of the defaulted claims. The Court does note, however, that to establish prejudice, it is the petitioner's burden to demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Williams, 146 F.3d at 210 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (other citations omitted). Further, even in the instance where error occurred, a petitioner must show actual disadvantage, as a result, and not merely a possibility of harm. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997); see also Pope V. Netherland, 113 F.3d 1364, 1371 (4th Cir. 1997).
The Court notes that Dean has not asserted that he is entitled to the miscarriage of justice exception to procedural default.
In Dean's Reply, however, he provided summaries of twelve (12) cases that he claims support granting him habeas relief. Dean's Reply, at Exhibit F. Although Dean has cited these cases in support of the merits of his petition, the Court has considered the cases only to the extent that they might provide any support to Dean's claims that his procedural default should be excused. The Court finds they do not provide any such support. Only three (3) of Dean's cases pertain to habeas petitions brought pursuant to 28 U.S.C. § 2254, but in two of those cases, the petitioner properly exhausted his claims prior to filing for federal habeas relief, Thomas v. Zimmerman, 583 F. Supp. 701, 705 (E.D. Pa. 1984); Grooms v. Solem, 520 F. Supp. 1184, 1186 (D.S.D. 1981); so, these cases provide no support for Dean's claim that his procedural default should be excused. In the remaining case brought pursuant to 28 U.S.C. § 2254, in which the petitioner failed to exhaust his claims, the court held that the state's failure to raise failure to exhaust as an affirmative defense resulted in a waiver of this requirement. Simmons v. Beyer, 689 F. Supp. 432, 434 n.1 (D.N.J. 1988). This holding cannot be applied to excuse Dean's procedural default because it has since been overruled by statute, 28 U.S.C.

raised in the instant petition are procedurally barred before this Court, and recommends that all of the claims be DENIED.

## V.  **RECOMMENDATION**

For the foregoing reasons, the Court, having DENIED Dean's motions for an evidentiary hearing and for appointment of counsel, RECOMMENDS that Dean's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Dean's claims be DISMISSED WITH PREJUDICE.

Dean has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V.  **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

---

§ 2254(b)(3), and, in any event, in the instant case, Respondent did assert Dean's failure to properly exhaust as an affirmative defense. Respondent's Brief, at 4-6. Finally, Dean cited eight (8) state court habeas decisions, but not including any Virginia cases, Carroll v. State, 468 So. 2d 186 (Ala. Crim. App. 1985); Samuels v. United States, 435 A.2d 392 (D.C. 1981); Commonwealth v. Cooley, 444 A.2d 711 (Pa. Super. Ct. 1982); Commonwealth v. Johnson, 444 A.2d 1291 (Pa. Super. Ct. 1982); Commonwealth v. McCandless, 447 A.2d 275 (Pa. Super. Ct. 1982); Chastain v. State, 688 S.W.2d 58 (Mo. Ct. App. 1985); Nelson v. State, 725 S.W.2d 784 (Tex. App. 1987); Miller v. State, 665 S.W.2d 599 (Tex. App. 1984), and a federal court's decision on a 28 U.S.C. § 2255 motion, United States v. Ruth, 768 F. Supp. 1428 (D.C. Kan. 1991), none of which are relevant to the instant determination of whether Dean's failure to properly exhaust his habeas claims in state court should be excused by a federal court.

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  See Fed. R. Civ. P. 72(b).

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

United States Magistrate Judge

Norfolk, Virginia
November | , 2007

22

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Harold W. Dean, Jr., #321959
Coffeewood Correctional Center
P.O. Box 500
Mitchells, Virginia 22729
PRO SE

Benjamin Hyman Katz, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

November /, 2007

23